**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4622

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SANDRA KAY CABELL,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge. (CR-04-31)

Submitted: November 30, 2004      Decided: December 22, 2004

Before WILLIAMS and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John G. Hackney, Jr., Huntington, West Virginia, for Appellant. Kasey Warner, United States Attorney, Stephanie L. Haines, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Sandra Kay Cabell pled guilty to aiding and abetting bank robbery, 18 U.S.C. §§ 2113, 2 (2000), and was sentenced to a term of thirty-seven months imprisonment. She contends on appeal that the district court clearly erred in denying her an adjustment pursuant to U.S. Sentencing Guidelines Manual § 3B1.2 (2003) for having a minor role in the robbery. We affirm.

Cabell drove Troy Handley to the Postal Credit Union in Huntington, West Virginia, on February 12, 2003, and parked in an alley behind the bank. When Handley emerged from the bank with $7800, Cabell drove him away. A bank employee enlisted the help of a passing driver and they tried to follow Cabell's car, but she successfully eluded them and took Handley to her home. Handley immediately used some of the stolen money to obtain crack and was smoking crack with Cabell when the police arrived. At the guilty plea hearing, Cabell stated that, when she drove Handley to the bank, she knew he intended to rob the bank. She said she deliberately parked where her car would not be visible. She said Handley came out of the bank with money in "stacks of hundreds" and that she drove away, knowing that she was helping him escape from the scene of the robbery.

A defendant's role in the offense is a factual question reviewed for clear error. United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002). It is the defendant's burden to show that she

is entitled to a minor role adjustment.  <u>United States v. Akinkoye</u>, 185 F.3d 192, 202 (4th Cir. 1999).  The district court should examine the defendant's conduct relative to that of other defendants and to the elements of the offense of conviction.  <u>Id.</u>  The critical inquiry is whether the defendant's conduct is material or essential to the commission of the offense.  <u>Id.</u>

Cabell argues that she was less culpable than Handley because she took no part in the planning or execution of the robbery.  She also contends that the adjustment was warranted because she was addicted to cocaine and she had little time to decide to become involved.  However, a defendant who knowingly assists another by driving him to and from the scene of the crime has more than a minor role.  <u>United States v. Terry</u>, 86 F.3d 353, 358 (4th Cir. 1996) (defendant who was driver of car from which co-defendant shot at driver of passing vehicle did not have minor role because he followed car so co-defendant could keep shooting).  Cabell's assistance facilitated Handley's robbery of the bank.  We conclude that the district court did not clearly err in denying her the minor role adjustment.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>